[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff seeks to recover of the defendant for personal injuries and loss of income which he claims resulted from a fall on the defendant's premises. The defendant, who has appeared and defended himself pro se, was the operator of a restaurant in Bridgeport. The plaintiff was employed by a company which supplied provisions to the defendant.
The versions of the episode complained of are at variance.
 Discussion I
The plaintiff claims that he was caused to fall by an accumulation of water or some liquid substance on the level to which he was attempting to hoist his hand truck. He states that the hand truck fell on the top of him, and his right ankle was sprained as it was twisted between the hand truck and the step.
The plaintiff places the accident as occurring at 5:30 p.m. on November 24, 1994, the day before Thanksgiving. He had two more stops to make and he completed them, though in some considerable pain.
The defendant's recollection of the fall is somewhat different. He states the plaintiff made his delivery at 12:30 or 1:00 p.m., thus suggesting he worked for several hours after the fall.
He also denies any substance caused the fall, stating he mopped the area clean when he closed the night before and found nothing on the steps after the plaintiff fell. He also testified that the plaintiff told him he was "OK" after the fall and proceeded to unload the hand truck. The plaintiff testified that he lay on the floor for 10 to 15 minutes and the defendant had to CT Page 14891 unload and store the merchandise. The defendant said he has a chronic back problem and could not lift and store the items delivered.
 II
The court is inclined to believe the defendant in his statement that he mopped the area, kept it clean, and that it was clean on the day in question . However, the court finds support for the defendant's position in other evidence.
The defendant produced two documents which he obtained in preparing his defense. Exhibit #1 is a report of injury form prepared by the plaintiff's employer for the Workers' Compensation Commission. It is dated December 1, 1994 and describes a sprained ankle incurred by the plaintiff when he jumped off a truck. It also reports the accident as occurring on December 1, and states there was no time lost from work.
The court will give the plaintiff the benefit of the doubt and assume the first report was in error and actually pertained to an episode which he stated occurred on December 5, 1994.
The second document is an "Employer's First Report of Injury," also prepared by the plaintiff's employer. It refers to an injury occurring on November 23, 1994. It is also dated December 1, 1994. Under "Machine, tool or thing causing injury," the response is "hand truck". In the description of how the injury was sustained, the response is "Employee dropped hand truck onto leg and twisted ankle". The form also indicates no length of disability, and says the employee had returned to work as of December 1st.
This document cannot be ignored in a case such as this where the only witnesses are the respective parties and where the plaintiff's case contains no corroboration.
It is therefore the conclusion of the court that the plaintiff has not sustained his burden of proof and judgment may enter in favor of the defendant.
Anthony V. DeMayo Judge Trial Referee CT Page 14892